UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVON HIGH,

                              Plaintiff,

    -against-                                                9:17-CV-1067 (LEK/DJS)

PA SWITZ, *et al.*,

                              Defendants.

## ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a report-recommendation filed on July 6, 2018, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 24 ("Report-Recommendation"). Defendant timely objected to the Report-Recommendation. Dkt. No. 23 ("Objection").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320,

2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

The Report-Recommendation analyzed whether Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act ("PLRA"). R. & R. at 6–12. Judge Hummel concluded that, although Plaintiff failed to exhaust his administrative remedies, this failure was excused because the Central Office Review Committee ("CORC") of the New York Department of Corrections and Supervision ("DOCCS") substantially delayed in responding to Plaintiff's appeal of his prison superintendent's denial of his grievance. Id.

Defendant objects to the Report-Recommendation, asserting that CORC's delayed response to Plaintiff's grievance did not excuse his failure to exhaust administrative remedies. Obj. at 1.[1] However, Defendant raised this argument in its memorandum in support of its motion to dismiss, Dkt. No. 13-1 ("Memorandum") at 5, and again its reply brief, Dkt. No. 18 ("Reply") at 1.[2] Defendant's Objection is, therefore, "a mere reiteration of an argument made to the

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

[2] The cited page numbers for this document refer to those generated by ECF.

magistrate judge." Barnes, 2013 WL 1121353, at *1. Accordingly, the Court reviews the Report-Recommendation for clear error, and finds none.

IV.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      August 06, 2018
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge