UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVON HIGH,

          Plaintiff,

  -against-              9:17-CV-1067 (LEK/DJS)

GENEVIEVE SWITZ,

         Defendant.

## **DECISION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation and Order filed on January 13, 2020, by the Honorable Daniel J. Stewart, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 38 ("Report-Recommendation" and "Order"), concerning Physician Assistant Genevieve Switz's Motion for Summary Judgment, Dkt. No. 32.

**II. STANDARD OF REVIEW**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see

also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not "intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Edition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

No objections were filed. Docket. Consequently, the Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 38) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Switz's Motion for Summary Judgment (Dkt. No. 32) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  January 31, 2020
      Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge